UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KAIRA VEGA,

    Plaintiff

v.

HARBOR CHASE OF VERO BEACH, LLC.,
REGENCY PARK OF VERO BEACH, LLC.

    Defendant.

_____/

CASE NO.:

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

## COMPLAINT

Plaintiff, Kaira Vega, by and through her counsel, Derek Smith Law Group, PLLC, hereby complains of the Defendants, Harbor Chase of Vero Beach, LLC and Regency Park of Vero Beach, LLC, and alleges as follows:

### NATURE OF CASE

1. This is an action for damages and other relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, as amended ("Title VII"); and the Florida Civil Rights Act of 1992, Section 760.10 *et seq.* ("FCRA"); the Age Discrimination in Employment Act 29 U.S.C. §621 et seq. (ADEA); and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against based on her gender/sex and age, sexually harassed, and retaliated against by her employer solely for complaining of the ongoing harassment and discrimination.

### JURISDICTION AND VENUE

2. This is an action for monetary damages and all other appropriate relief as deemed by the court, pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act 29 U.S.C. §621 et seq. (ADEA) and the FCRA.

1

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act 29 U.S.C. §621, and FCRA.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon the fact Defendants were located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district. Plaintiff was employed by Defendant within Indian River County. Additionally, the events took place in Indian River County.

**PARTIES**

5. At all material times, Plaintiff KAIRA VEGA (hereinafter referred to as "Plaintiff" or "VEGA") is fifty-three (53) year old, female who is a resident of the State of Florida and resides the Miami-Dade County.

6. At all material times, Defendant HARBOR CHASE OF VERO BEACH, LLC. (hereinafter "Defendant" and/or "Harbor") is a Foreign Limited Liability Corporation authorized under the laws of the State of Florida with offices in Vero Beach, Florida.

7. Defendant Harbor is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

8. At all material times, Defendant REGENCY PARK OF VERO BEACH, LLC. (hereinafter "Defendant" and/or "Regency") is a Limited Liability Corporation authorized under the laws of the State of Florida with offices in Vero Beach, Florida.

9. Defendant Regency is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

10. At all times material, Defendant Harbor and Defendant Regency (collectively referred to herein as "COMPANY") were Plaintiff's joint and or sole employer.

## STATEMENT OF FACTS

11. On or around October 10, 2017, Defendants Company hired Ms. Vega as an Assistant Chef.

12. Defendants Company hired Ms. Vega with a promise to promote her to Sous Chef at Regency park.

13. On or around November 22, 2017, Plaintiff filed a complaint with Human Resources against a coworker that was stealing food.

14. On or around the week of November 27, 2017, Director of Hospitality at Harbor Chase, Anthony Polito (hereinafter "Anthony"), publicly introduced a young female employee as the new Sous Chef.

15. After introducing this new employee, Anthony informed Ms. Vega that this new employee is, **"YOUNGER AND SHE CAN HANDLE MORE HOURS THAN YOU."**

16. The new young female Sous chef was hired with no experience and would be making $23.00 per hour while Ms. Vega made $13.00 and possessed the necessary and relevant experience.

17. On or around December 29, 2017, plaintiff complained to human resources and asked to be moved to Defendant's other location known as Harbor Chase.

18. On or around January 4, 2018, shortly after her move, Chef Bobby (hereinafter referred to as "Bobby"), promised Plaintiff the Sous Chef Director position at Harbor Chase.

19. At all times material, Bobby began regularly, publicly sexually harassing Ms. Vega.

20. By means of example and not meant to be an exhaustive list, Chef Bobby would walk up behind Ms. Vega up to Plaintiff and violently spanked Ms. Vega's buttocks.

21. Chef Bobby would regularly comment about being sexually aroused by Ms. Vega, stating, **"YOU DON'T KNOW WHAT YOU'VE DONE TO ME**."

22. On one such occasion, having noticed Ms. Vega's clear discomfort, Bobby grabbed Ms. Vega's hand and placed it on his crotch, forcing her feel his erect penis.

23. Ms. Vega was severely distraught, embarrassed and humiliated she searched for a manager but was not able to locate one at the time.

24. On or around January 4, 2018, Ms. Vega decided to confront Bobby near the cooler room. Upon approaching Bobby, he proceeded to ignore her request to speak, positioned himself behind her and wrapped his arm around her neck, attacking Ms. Vega and placing her in a headlock. Despite her struggle, Bobby refused to release Ms. Vega, causing her to choke and panic.

25. Bobby further proceeded to escalate his attack. Bobby forced his hand into Ms. Vega's pant and began to rub Ms. Vega's clitoris and insert his fingers into her vagina. As Bobby proceeded to sexually assault Ms. Vega, Bobby took pleasure in knowing he was torturing Ms. Vega, screaming, "**I'M GOING TO TAKE THE LESBIAN OUT OF YOU**".

26. Finally, Ms. Vega was able to free herself and ran away from Bobby.

27. Over the following weeks, Plaintiff continued to work, despite being in extreme pain in her hip, nauseous, regular anxiety attacks and inability to sleep.

28. While Ms. Vega would work, Bobby would hover over Ms. Vega, attempt to kiss her and call her beautiful. When Ms. Vega would refuse to respond, Bobby would quip, "Are you still made at me?"

29. On or around January 26, 2018, Ms. Vega mustered to courage and complained about the sexual harassment to Anthony and Chef Megan (hereinafter referred to as "Megan"). To her surprise, Anthony and Megan responding by laughing in Ms. Vega's face and stating, "**DON'T TELL US THAT SHIT; WE DON'T WANT TO BE INVOLVED**."

30. On or around February 1, 2018, Chef Nicole (hereinafter referred to as "Nicole"), threw a heavy loaded tray at Plaintiff and commented, "**ARE YOU THAT FUCKING OLD, YOU CAN'T EVEN HOLD A TRAY?**"

31. On or around February 1, 2018, upon it becoming abundantly clear that Ms. Vega's managers were not going to address the fact that she was sexually assaulted by her supervisor, Ms. Vega sent a written complaint to Defendants Company's Human Resource Representative Kelly, Director of Harbor Chase Michelle and Director of Regency Park, Kelly, detailing in excruciating details the sexual harassment, assault, discrimination and the failure of her superiors to fix the situation.

32. Ms. Vega enjoyed working as a Chef and requested that she simply be transferred back to Regency Park from Harbor Chase so that she would no longer have to work with Bobby.

33. On or around February 3, 2018, aware of her complaint of harassment and retaliation, Anthony, Megan and Nicole began retaliating against Ms. Vega.

34. By means of example and not meant to be an exhaustive list, Defendant's began falsely accusing Ms. Vega of not wearing proper kitchen.

35. On or around February 9, 2018, Ms. Vega decided to write a second complaint to give to corporate and to Michelle. To her surprise, Michelle rejected the letter stating, "**I DON'T CARE, I DON'T WANT TO BE INVOLVED, DON'T GIVE ME ANOTHER LETTER BECAUSE I DON'T CARE!**"

36. Undeterred, Plaintiff herself took the complaint to Human Resources and submitted the complaint. Shortly thereafter, Ms. Vega received a voicemail from the Director of the Corporate Office, Nicole Williams (hereinafter referred to as "Williams"), stating that Defendants Company were placing *Ms. Vega* under investigation due to allegations stated within her complaint.

37. Defendants Company immediately banned Ms. Vega from work, instructing her that she must "STAY AWAY" from Defendants' locations until further notice.

38. On or around March 23, 2018, Defendants Company wrongfully terminated Ms. Vega. Defendants Company terminated Ms. Vega because of her gender, age, and in retaliation for her lawful complaints of discrimination and sexual harassment.

39. At all times material, Defendant's supervisors acted with deliberate indifference to the sexual harassment, age discrimination, hostile work environment; and in retaliation thereof.

40. That as a result of Defendants' conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

41. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

42. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered and continues to suffer severe emotional distress, including panic attacks, uncontrollable and spontaneous crying, mood swings, depression, anxiety, as well as difficulty sleeping and eating.

43. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and

other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

44. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendant.

45. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

46. The above are just some examples, of some of the discrimination to which Defendant subjected Plaintiff.

47. Defendant has exhibited a pattern and practice of not only discrimination but also retaliation.

## COUNT I- DISCRIMINATION UNDER TITLE VII

48. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 52 and further alleges as follows.

49. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

50. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her sex.

51. Defendants Company's employee regularly made sexual comments about Plaintiff, specifically asserting that Plaintiff mere presence sexually aroused him.

52. Defendants Company employee sexually grabbed Plaintiff's buttocks and subsequently sexually assaulted Plaintiff by touching her clitoris and interesting his fingers inter her vagina all against her will.

53. Plaintiff was sexually harassed based on her gender.

54. Defendant treated Plaintiff less favorably than similarly situated employees outside the protected class.

55. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

56. Plaintiff has been damaged by the illegal conduct of Defendants.

## COUNT II - RETALIATION UNDER TITLE VII

57. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 52 and further alleges as follows.

58. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

59. At all times relevant, Plaintiff acted in good faith and with the objective and subjective belief that violations of Title VII by Defendants Company employees had occurred.

60. At all times relevant, the unlawful discrimination by Defendants employees against Plaintiff in the terms and conditions of her employment because she opposed a practice made unlawful by Title VII which would not have occurred but for that opposition.

61. At all material times, the employer exhibiting discriminatory conduct against Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

62. Defendant intentionally retaliated against Plaintiff by harassing her and discharging her for complaining of actions by Defendant made unlawful under Title VII.

63. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

64. Plaintiff has been damaged by the illegal conduct of Defendants.

## COUNT III- DISCRIMINATION UNDER THE ADEA

65. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 52 and further alleges as follows.

66. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of his state rights under the Age Discrimination in Employment Act ("ADEA"), to include the remedies in 29 U.S.C. §621 et seq.

67. Plaintiff is a fifty-three (53) year old female and is protected against discrimination under the ADEA.

68. Defendants Company employees regularly made comments relating to Plaintiffs age, asserting that Plaintiff was unable to do her work due to her age and hiring younger employees despite their clear lack of qualifications.

69. Defendant treated Plaintiff less favorably than similarly situated employees outside the protected class.

70. The ADEA (29 U.S.C. 626) provides that it shall be unlawful for an employer-

    (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's age;

    (2) to limit, segregate, or classify their employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.

71. Defendant engaged in adverse employment actions against Plaintiff, including but not limited to, refusing to return promote Plaintiff and wrongfully terminating Plaintiff, on the basis of her age.

72. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

73. Plaintiff has been damaged by the illegal conduct of Defendants.

## COUNT IV- RETALIATION UNDER THE ADEA

74. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 52 and further alleges as follows.

75. Defendants Company discriminated against Plaintiff due to her age in making multiple employment related decisions.

76. The ADEA (29 U.S.C. 623(d)) state: It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to

discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

77. At all times relevant, Plaintiff acted in good faith and with the objective and subjective belief that violations of the ADEA by Defendants Company employees had occurred.

78. At all times relevant, the unlawful discrimination by Defendants employees against Plaintiff in the terms and conditions of her employment because she opposed a practice made unlawful by the ADEA which would not have occurred but for that opposition.

79. At all material times, the employer exhibiting discriminatory conduct against Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

80. Defendant intentionally retaliated against Plaintiff by harassing her and discharging her for complaining of actions by Defendant made unlawful under the ADEA.

81. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under state law.

82. Plaintiff has been damaged by the illegal conduct of Defendants.

## **COUNT V- DISCRIMINATION UNDER THE FCRA**

83. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 52 and further alleges as follows.

84. Defendants are prohibited under the FCRA from discriminating against Plaintiff because of her sex/gender, and age with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

85. Defendants Company's employee regularly made sexual comments about Plaintiff, specifically asserting that Plaintiff mere presence sexually aroused him.

86. Defendants Company employee sexually grabbed Plaintiff's buttocks and subsequently sexually assaulted Plaintiff by touching her clitoris and interesting his fingers inter her vagina all against her will.

87. Plaintiff was sexually harassed based on her gender.

88. Defendants Company employees regularly made comments relating to Plaintiffs age, asserting that Plaintiff was unable to do her work due to her age and hiring younger employees despite their clear lack of qualifications.

89. Defendant treated Plaintiff less favorably than similarly situated employees outside the protected class.

90. Defendant engaged in unlawful employment practices prohibited by the FRCA by harassing and otherwise discriminating against Plaintiff as set forth herein.

91. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

92. Plaintiff has been damaged by the illegal conduct of Defendants.

## COUNT VI- RETALIATION UNDER THE FCRA

93. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 52 and further alleges as follows.

94. Defendants are prohibited under the FCRA from discriminating against Plaintiff because of her sex/gender, and age with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

95. At all times relevant, Plaintiff acted in good faith and with the objective and subjective belief that violations of the FRCA by Defendants Company employees had occurred.

96. At all times relevant, the unlawful discrimination by Defendants employees against Plaintiff in the terms and conditions of her employment because she opposed a practice made unlawful by the FRCA which would not have occurred but for that opposition.

97. At all material times, the employer exhibiting discriminatory conduct against Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

98. Defendant intentionally retaliated against Plaintiff by harassing her and discharging her for complaining of actions by Defendant made unlawful under the FRCA.

99. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under state law.

100. Plaintiff has been damaged by the illegal conduct of Defendants.

## DEMAND FOR JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all

emotional distress and economic damages, punitive damages, liquidated damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Miami, Florida
October 15, 2019

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiff*

Caroline H. Miller, Esq.
Caroline@dereksmithlaw.com
701 Brickell Avenue, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741